# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| STACIE BASS, CAROLINE CULP, KRISTEN DESTEPHANO, JULIA GREER, DANIELLE LARSON, ERIN LEONARD, DEANA LOZANO, SHANNON MAINES, AMANDA MESSER, ALIZA MOR, MARISSA STEWART, MARY BETH TEW, and COURTNEY WEYMOUTH, *individually and on behalf of all those similarly situated*,<br><br>    Plaintiffs,<br><br>    v.<br><br>Bowmar Nutrition, LLC,<br><br>    Defendant. | Civil Action No. 4:21-cv-00307-JAJ-HCA<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT** |

I.  **INTRODUCTION**

Plaintiffs' Second Amended Complaint (Doc. 16, the "SAC") largely fails to remedy the defects identified in this Court's Order (Doc. No. 15, the "Order") granting Bowmar's motion to dismiss. In that Order, this Court dismissed Plaintiffs' restitution claims under the FAL, UCL, and CLRA due to Plaintiffs' failure to sufficiently plead the inadequacy of legal remedies. The Court also dismissed claims beyond the applicable statutes of limitations due to Plaintiffs' failure to allege facts demonstrating the applicability of the discovery rule.

In granting Plaintiffs leave to amend, this Court presciently expressed "considerable doubt that the restitution claims can be repleaded on a different factual basis from the legal claim under the CLRA." (*Id.*, p.16.) Despite those doubts, Plaintiffs' have gamely, if somewhat half-heartedly, attempted to do so. Plaintiffs now point to, "[the] frustration of Plaintiffs' health, weight loss, and fitness goals" (Doc. No. 16, ¶¶ 290-292.) as necessitating equitable relief. Plaintiffs assert that allegation with no explanation as to why, even if taken as true, such a frustration cannot be remedied through legal damages. Plaintiffs' allegation falls far short of demonstrating the inadequacy of legal remedies. Plaintiffs' equitable claims for restitution under the UCL, CLRA, and FAL must be dismissed with prejudice.

Plaintiffs fare only slightly better and, in some ways worse, in their attempt to allege applicability of the discovery rule. The SAC now asserts, "Plaintiffs did not become aware that Bowmar's labels and marketing materials misrepresented the protein content of its whey isolate-fortified [products] until mid-2020, when reports began to appear on the Internet and in other publications that consumer advocates had tested the Products and discovered protein shortages." (Doc. 16, ¶¶ 62 (powders); 90 (frostings); 116 (bars); and 145 (spreads); *see also id.* ¶¶ 188, 198, 208, 227, 237, 256, 266, 275, 286, 311.) Plaintiffs' allegations may, for pleading purposes, adequately allege application of the discovery rule. However, the new allegations confound Plaintiffs' claims in two new ways. First, as a practical matter, individual issues as to the application of the discovery rule to class members will ultimately swamp common ones, precluding class-wide application. Second, and more immediately, the affirmative allegation that

1

Plaintiffs were aware on or about June 1, 2020 that "Bowmar's labels and marketing materials misrepresented the protein content of its whey isolate-fortified [products]" means that the amend plaintiffs fails to allege any plausible claims based on purchases made by Plaintiffs after June 1, 2020. As a result, this Court must dismiss Plaintiffs' claims based on Product purchases after June 1, 2020.

## II. ARGUMENT

### A. Plaintiff Lozano's Claims for Restitution Under the UCL, FAL, and the CLRA Fail Because She has Adequate Legal Remedies.

Plaintiff Lozano's claims under the UCL and FAL are equitable and provide for only equitable relief. *See Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134, 1144 (2003) (the UCL and FAL provide a private party with only two potential remedies: an injunction and restitution); *Bank of the West v. Sup. Ct. (Industrial Indem. Co.)*, 2 Cal.4th 1254, 1266 (1992) (neither actual nor compensatory damages may be awarded under the UCL); *Moss v. Infinity Ins. Co.*, 197 F. Supp. 3d 1191, 1203 (N.D. Cal. 2016) ("[T]he UCL provides only the equitable remedies of restitution and injunctive relief. A plaintiff seeking equitable relief in California must establish that there is no adequate remedy at law available." (quotation and citation omitted)).

Lozano's claim under the CLRA provides for both legal remedies (money damages) and equitable remedies. Cal. Civ. Code §§ 1781, 1782.

Before a party can avail herself of a federal court's equitable jurisdiction, she must demonstrate that she lacks an adequate remedy at law. *Guaranty Trust Co. of New York v. York*, 326 U.S. 99, 105-06 (1945); *Sonner v. Premier Nutrition Corp.,* 971 F.3d 834, 842-44 (9th Cir. 2020); *Schroeder v. United States*, 569 F.3d 956, 963 (9th Cir. 2009); *Moss*, 197 F. Supp. 3d at 1203; *compare Prudential Home Mortg. Co. v. Superior Court*, 66 Cal. App. 4th 1236, 1249 (1998); *Martin v. County of Los Angeles.*, 51 Cal. App. 4th 688, 696 (1996). This is true even where a plaintiff attempts to plead equitable relief in the alternative. *Rhynes v. Stryker Corp*., No. 10-cv-5619 SC, 2011 WL 2149095, at *4 (N.D. Cal. May 31, 2011)). "Where the claims pleaded by a plaintiff may entitle her to an adequate remedy at law, equitable relief is unavailable." *Id.*;

*accord Adams v. I-Flow Corp.*, No. CV09-09550, 2010 WL 1339948, at *7 (C.D. Cal. Mar. 30, 2010).

Plaintiffs' FAC failed to adequately allege the lack of an adequate legal remedy. In dismissing Plaintiffs' equitable claims this Court reasoned:

> Here, the Consumers have not attempted to rebut Bowmar's contention that the legal remedy for the California subclass under California's CLRA, sought on exactly the same facts as underly the Consumers' equitable claims under California's CLRA, UCL, and FAL, is inadequate. Indeed, they have not even attempted to show that the equitable claims would provide them with any additional relief beyond what is available on the claim for legal remedies under the CLRA. Under these circumstances, this court declines to exercise jurisdiction over the equitable claims of the California subclass. *Id.*; *cf. Sonner*, 972 F.3d at 944 ("[T]he traditional principles governing equitable remedies in federal courts, including the requisite inadequacy of legal remedies, apply when a party requests restitution under the UCL and CLRA in a diversity action."). Those claims are dismissed.

(Doc. 15, p. 16.)

In an effort to salvage their redundant equitable claims, Plaintiffs identify: "[the] frustration of Plaintiffs' health, weight loss, and fitness goals" as necessitating equitable relief. (Doc. No. 16, ¶¶ 290-292.) While injuries suffered by Plaintiffs related to the frustration of their fitness goals will require individual inquiries rendering class treatment improper, it is unclear how or why such "injuries," to the extent they exist, are not redressable through legal remedies. In short, Plaintiffs' new allegation fails to move the needle because any injury Plaintiffs sustain due to the frustration of health, weight loss, or fitness goals, can still be remedied through legal damages. *See Sonner*, 971 F.3d at 845; *Duttweiler v. Triumph Motorcycles (America) Ltd.*, No. 14-cv-04809-HSG, 2015 WL 4941780, at *8 (N.D. Cal. 2015) ("Duttweiler seeks damages under the CLRA for the exact same conduct that forms the basis of his UCL and FAL claims. Accordingly, in order to demonstrate some entitlement to equitable relief, Duttweiler was required to allege facts suggesting that damages under the CLRA alone would not provide adequate relief."). In fact, such injury could only be redressed through legal damages because restitution obviously does not encompass compensation for supposed frustration of fitness goals. *See* Cal. Bus. & Prof. Code §§ 17203, 17535 (restitution under UCL and FAL is limited to restoring money or property "which

may have been acquired by means of such unfair competition"). Because Plaintiffs' new allegations fall well short of demonstrating the inadequacy of legal remedies, their equitable claims should be dismissed with prejudice.

### B. Plaintiffs' Claims Based On Product Purchases After June 1, 2020 Lack Plausibility And Should Be Dismissed.

This Court must dismiss a claim if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 8. Rule 8 demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted). The complaint must state sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility only if the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678.

Plaintiffs' CLRA, UCL, FAL, and other state-law claims for false advertising are premised on an allegation that Plaintiffs relied on the protein content claims stated on Bowmar's labels and were deceived as a result of a protein shortfall. (Doc. 16, ¶¶ 57 (powders); 85 (frostings); 111 (bars); and 139 (spreads).) However, the new allegations in Plaintiffs' complaint specifically allege that Plaintiffs became aware – in mid-2020 – that "Bowmar's labels and marketing materials misrepresented the protein content of its whey protein isolate-fortified [products]." (*Id.*, ¶¶ 62 (powders); 90 (frostings); 116 (bars); and 145 (spreads).) As such, Plaintiffs cannot plausibly allege to have been deceived or injured as a result of Product purchases after mid-2020. Despite this, the SAC identifies myriad claims based on Plaintiff purchases after mid-2020. (*Id.*, ¶¶ 44, 46, 47, 48, 49, 51, 52, 53, 54, 55, 56, 76, 77, 78, 79, 80, 103, 104, 107, 108, 109, 128, 129, 130, 133, 134, 136, 137, and 138.) Those claims must be dismissed.

/ / /

/ / /

## III. CONCLUSION

For the foregoing reasons, Bowmar requests that this Court grant the motion to dismiss in its entirety.

Dated: February 25, 2022

*/s/ William P. Cole*
William P. Cole, 186772 *(Pro Hac Vice)*
Matthew R. Orr, 211097 *(Pro Hac Vice)*
Amin Talati Wasserman LLP
515 S. Flower St., 18th Fl.
Los Angeles, CA 90071
Tel: 213-933-2330
Fax: 312-884-7352
william@amintalati.com
matt@amintalati.com

Samuel E. Jones, AT0009821
Shuttleworth & Ingersoll P.L.C.
115 Third St., SE, Ste. 500
Cedar Rapids, IA 52401
Tel: 319-365-9461
Fax: 319-365-8443
sej@shuttleworthlaw.com

*Attorneys for Defendant Bowmar Nutrition, LLC*

Copy to:

Eric S. Mail
Eric D. Puryear
Puryear Law P.C.
3719 Bridge Ave, Suite 6
Davenport, IA 52807
Tel: 563.265.8344
Fax: 866.415.5032
mail@puryearlaw.com
eric@puryearlaw.com

Charles C. Weller (Pro Hac Vice)
Charles C. Weller, APC
11412 Corley Court
San Diego, California 92126
Tel: 858.414.7465
Fax: 858.300.5137
legal@cweller.com
Attorneys for Plaintiffs

---

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of this document was served upon counsel of record for each party to the action in compliance with **FRCP 5 on** February 25, 2022 **by:**

[X] Electronically via ECF for ECF registrants
[ ] U.S. Mail _____
[ ] Fax _____
[ ] Email _____
[ ] Hand Delivered _____
[ ] other _____

  **/s/   Mariam A. Yusuf**