IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| STACIE BASS, CAROLINE CULP, KRISTEN DESTEPHANO, JULIA GREER, DANIELLE LARSON, ERIN LEONARD, DEANA LOZANO, SHANNON MAINES, AMANDA MESSER, ALIZA MOR, MARISSA STEWART, MARY BETH TEW, and COURTNEY WEYMOUTH, individually and on behalf of all those similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>BOWMAR NUTRITION, LLC, an Iowa limited liability company,<br><br>Defendant. | 4:21-cv-00307-SHL-HCA<br><br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS** |

Plaintiffs, individually and on behalf of all others similarly situated, bring a putative class action against Defendant Bowmar Nutrition, LLC ("Bowmar") for allegedly advertising and selling products that contain less protein than stated on the label and in marketing materials. The Court (Jarvey, C.J.) previously dismissed without prejudice certain aspects of Plaintiffs' First Amended Complaint, but granted Plaintiffs leave to amend to try to cure the deficiencies. (ECF 15.) On February 14, 2022, Plaintiffs filed their Second Amended Complaint (ECF 16), which Bowmar again moves to dismiss in part. For reasons set forth below, Bowmar's Motion to Dismiss is GRANTED IN PART and DENIED IN PART.

**I.   BACKGROUND[1]**

Bowmar manufactures and sells various powders, frostings, nut spreads, and bars fortified with whey protein concentrate and/or isolate. (ECF 16, ¶ 2.) Plaintiffs used Bowmar's products to fulfill their individual health goals, which include appetite reduction, diet supplementation, and muscle gain. (Id., ¶¶ 29, 31.) At some point in mid-2020, consumer advocates tested Bowmar's products and reported they contained less protein than advertised in marketing materials and on

---

[1] The Court accepts the factual allegations in the Second Amended Complaint as true and views them in the light most favorable to Plaintiffs for the purpose of evaluating the Motion to Dismiss. *Lewis v. Carolina Cas., Ins. Co.*, 442 F. Supp. 3d 1092, 1095 (S.D. Iowa 2020).

1

product labels. (Id., ¶ 62.) Protein-fortified foods must contain protein in amounts "at least equal to the value for that nutrient declared on the label." (Id., ¶ 157.) For Plaintiffs, the shortage in protein could frustrate their nutritional goals, which require a careful balancing of macronutrients to succeed. (Id., ¶¶ 31, 32.) Had Plaintiffs known of the protein shortage, they would not have purchased Bowmar's products, or at least not for the price they paid. (Id., ¶ 160.)

Plaintiffs filed their initial Complaint on October 15, 2021 (ECF 1), and amended it as a matter of right on October 28, 2021 (ECF 6). The action was originally structured as a combination of two nationwide claims—unjust enrichment and a violation of the Iowa Consumer Fraud Act—and 13 state-law-based claims for subclasses in Wisconsin, New Jersey, Kansas, North Carolina, Virginia, New York, Illinois, New Hampshire, Florida, Texas, and California. (ECF 6.) Following the Court's dismissal of certain aspects of Plaintiffs' First Amended Complaint, Plaintiffs filed their Second Amended Complaint with largely the same structure and claims except the pleading removes the nationwide claim for unjust enrichment. (ECF 16.) The Second Amended Complaint also attempts to address the deficiencies that led to the partial dismissal of the First Amended Complaint.

Bowmar's Motion to Dismiss focuses on two aspects of the Second Amended Complaint: first, Bowmar argues that Plaintiffs' claims for restitution under California law must be dismissed because Plaintiffs have an adequate legal remedy; and, second, Bowmar argues Plaintiffs have not plausibly asserted claims for the time period after they became aware of the alleged misrepresentations in marketing materials and on product labels.

## II.    LEGAL STANDARD

Fed. R. Civ. P. 12(b)(6) permits dismissal if a pleading fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *City Union Mission, Inc. v. Sharp*, 36 F.4th 810, 815 (8th Cir. 2022) (citations and quotations omitted). "Determining whether a complaint states a

plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *McDonough v. Anoka Cnty.*, 799 F.3d 931, 945 (8th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 679).

## III. LEGAL ANALYSIS

### A. The Court Will Dismiss Plaintiffs' Claims for Restitution Under the UCL, CLRA, and FAL Because Plaintiffs Have an Adequate Remedy at Law.

Plaintiffs' California subclass brings three state-law causes of action:

> Count 12: Violation of California Business & Professions Code § 17200 *et seq.*, California's Unfair Competition Law ("UCL");
>
> Count 13: Violation of California Civil Code § 1750 *et seq.*, The Consumer Legal Remedies Act ("CLRA"); and
>
> Count 15[2]: Violation of California Business & Professions Code § 17500 *et seq.*, California's False Advertising Law ("FAL").

The CLRA provides for both legal and equitable remedies, but the UCL and FAL only authorize equitable relief. *See* Cal. Civ. Code § 1780 (CLRA authorizes actual and punitive damages, injunctive relief, and restitution); Cal. Bus. & Prof. Code § 17203 (UCL authorizes injunctive relief and any relief "necessary to restore to any person in interest any money or property . . . acquired by means of such unfair competition"); Cal. Bus. & Prof. Code § 17535 (FAL authorizes injunctive relief); *see also In re Outlaw Lab'y, LLP*, 463 F. Supp. 3d 1068, 1088 (S.D. Cal. 2020), *on reconsideration*, No. 3:18-CV-0840-GPC, 2020 WL 3840559 (S.D. Cal. July 8, 2020) (recognizing FAL also provides for restitution).

In cases governed by California law, consumers often bring claims under all three statutes—UCL, CLRA, and FAL. *See, e.g.*, *Hadley v. Kellogg Sales Co.*, 243 F. Supp. 3d 1074, 1089 (N.D. Cal. 2017) (explaining that the same standards govern all three). Whether a court can exercise equitable jurisdiction under the UCL and FAL when a plaintiff pursues legal relief under the CLRA for substantially similar harm has been the subject of considerable recent litigation, including two cases from the Ninth Circuit. *See Moore v. Mars Petcare US, Inc.*, 966 F.3d 1007 (9th Cir. 2020); *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834 (9th Cir. 2020). In those cases, the Ninth Circuit held: (a) remedies under the acts are cumulative and theoretically allow simultaneous equitable and legal claims; but (b) the request for injunctive relief under the UCL and CLRA is nonetheless subject to the plaintiff establishing "inadequacy of legal remedies."

---

[2] Due to a typographical error, there is no Count 14 in the Second Amended Complaint.

*Moore*, 966 F.3d at 1021 n.13 (statutes are cumulative); *Sonner*, 971 F.3d at 844 (lack of adequate legal remedy is required). Naturally, plaintiffs often plead in the alternative, as permitted by Fed. R. Civ. P. 8(d)(2)–(3). This is exactly what the California subclass has done. Each count alleges that Plaintiffs "lack an adequate legal remedy at law," (ECF 16, ¶¶ 291, 309, 321), but is pled in the alternative should an adequate legal remedy be available, (ECF 16, ¶¶ 289, 303, 314).

This Court previously dismissed Plaintiffs' request for restitution on the basis that they had an adequate remedy at law[3]:

> Here, the Consumers have not attempted to rebut Bowmar's contention that the legal remedy for the California subclass under California's CLRA, sought on exactly the same facts as underly the Consumers' equitable claims under California's CLRA, UCL, and FAL, is inadequate. Indeed, they have not even attempted to show that the equitable claims would provide them with any additional relief beyond what is available on the claim for legal remedies under the CLRA. Under these circumstances, this court declines to exercise jurisdiction over the equitable claims of the California subclass.

(ECF 15, p. 16.) The Court granted leave to amend, though it expressed "considerable doubt that the restitution claims can be repleaded on a different factual basis from the legal claim under the CLRA." (Id.)

Plaintiffs have given it a shot, amending their claims to allege that Bowmar's deceptive labeling made it "impossible" for them to adequately gauge their macronutrients, such that they were "unable to achieve the health, weight loss, fitness, and other goals that caused them to purchase Bowmar's whey protein-fortified products in the first place." (ECF 16, ¶ 290.) The frustration of these goals allegedly damaged Plaintiffs in a manner "not adequately captured and compensated by use of a 'price premium' or other damages model, and thus Plaintiffs lack an[] adequate legal remedy for their injury." (Id., ¶ 291.) For its part, Bowmar argues that "frustration of fitness goals" can be adequately remedied through damages. (ECF 17, p. 3.) Plaintiffs respond that restitution is available under the UCL and FAL when a defendant's false statements render the product valueless, relying on a narrow exception described in *Mullins v. Premier Nutrition Corp.*, 178 F. Supp. 3d 867, 898–99 (N.D. Cal. 2016).

The problem for Plaintiffs is twofold: <u>first</u>, *Mullins* addressed the proper <u>amount</u> of restitution, not whether it was permitted at all; and, <u>second</u>, it was decided before the Ninth Circuit

---

[3] The Court noted that *Sonner* was not binding on this Court, but nevertheless found Eighth Circuit and Iowa precedent supported the same principles. (ECF 15, pp. 13–16.)

4

held in *Sonner* that restitution is not recoverable unless the plaintiff lacks an adequate remedy at law. As *Mullins* is the same case as *Sonner* (the caption changed because Sonner replaced Mullins as named plaintiff), it is impossible for the Court to interpret *Mullins* as representing the current state of the law regarding the availability of restitution under California consumer fraud statutes. Indeed, even the district court in *Mullins*/*Sonner* eventually dismissed the restitution claim due to the plaintiff having an adequate remedy at law. *Mullins v. Premier Nutrition Corp.*, No. 13-CV-01271-RS, 2018 WL 510139 (N.D. Cal. Jan. 23, 2018), a*ff'd sub nom. Sonner v. Premier Nutrition Corp.*, 962 F.3d 1072 (9th Cir. 2020), *opinion amended and superseded on denial of reh'g*, 971 F.3d 834 (9th Cir. 2020), *and aff'd sub nom. Sonner*, 971 F.3d 834. Federal courts in California have followed *Sonner* and dismissed restitution claims under the UCL and FAL when based on the same conduct for which damages claims are also raised under the CLRA. *See Anderson v. Apple Inc.*, 500 F. Supp. 3d 993, 1009 (N.D. Cal. 2020); *Barrett v. Optimum Nutrition*, No. CV 21-4398-DMG (SKX), 2022 WL 2035959, at *5 (C.D. Cal. Jan. 12, 2022) (gathering post-*Sonner* cases where courts dismissed restitution claims under UCL and FAL); *Rodriguez v. Just Brands USA, Inc.*, No. 220CV04829ODWPLAX, 2021 WL 1985031, at *8 (C.D. Cal. May 18, 2021).

  This Court is not, of course, bound to follow *Sonner* given that it was decided by the Ninth Circuit, not the Eighth. The Court nonetheless will do so because it finds *Sonner* persuasive and in line with Eighth Circuit precedent consistently recognizing that a party may not recover in equity when there is an adequate remedy at law. *See, e.g.*, *Dunne v. Resource Converting, LLC*, 991 F.3d 931, 940 (8th Cir. 2021) (affirming district court's refusal to exercise equitable jurisdiction where plaintiff sought remedy available through claims at law); *Loftness Specialized Farm Equip., Inc. v. Twiestmeyer*, 742 F.3d 845, 854 (8th Cir. 2014) (affirming dismissal of equitable claim where plaintiff had adequate remedy at law).

  It is unclear from Plaintiffs' resistance why they believe the CLRA does not provide an adequate legal remedy for Bowmar's alleged misrepresentations. At most, they argue that injuries resulting from frustration of health goals "go beyond those that can be easily quantified." (ECF 18, p. 9.) But they <u>have</u> quantified those injuries: "full restitution of all monies [Bowmar] has wrongfully obtained from Plaintiffs and the Subclass…" (ECF 16, ¶ 302; *see also id.*, ¶¶ 309, 321 (seeking "restitution," among other remedies).) Indeed, their pleading repeatedly alleges that they would not have purchased Bowmar's products or paid full price for them had Bowmar made accurate statements about protein content. (Id., ¶¶ 60, 88, 114, 143, 160, 186, 196, 206, 216, 225,

5

235, 245, 254, 264, 274, 284, 292, 295.) In other words, they want some or all of their money back. Characterizing this relief as "restitution" under the UCL and FAL does not change the fact that it is for all intents and purposes the same remedy they are seeking in the form of damages under the CLRA. It follows that Plaintiffs have an adequate legal remedy, and their restitution claims fail as a matter of law. *See Loftness*, 742 F.3d at 854 (affirming dismissal where the "core" of party's equitable claim was identical to claim at law); *In re Farmland Indus., Inc.*, 639 F.3d 402, 405 (8th Cir. 2011) (affirming dismissal of equitable claim where plaintiff sought same relief as under its claim at law); *Rodriguez*, 2021 WL 1985031, at *8 (dismissing restitution claims under UCL and FAL where they were based on same factual predicate as legal claims). The Court therefore GRANTS IN PART Bowmar's motion to dismiss and dismisses Plaintiffs' claims for restitution under the UCL, CLRA, and FAL.[4] The dismissal is with prejudice, as Plaintiffs have now tried and failed twice to state viable claims for restitution under these states. Further amendments would be futile. *See Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010).

> B. *The Court Will Not Dismiss Plaintiffs' Claims for Purchases Made After Mid-2020 Because Bowmar Failed to Brief the Issue Sufficiently Until its Reply.*

Plaintiffs' First Amended Complaint alleged class claims over a four-year period running from the date of filing. (ECF 6, ¶ 150.) The Court dismissed the First Amended Complaint without prejudice, however, because Plaintiffs failed to plead the discovery rule. (ECF 15, p. 11.) The Second Amended Complaint drops the four-year framework in favor of a patchwork of state-based claims measured from June 1, 2020, when Plaintiffs allege they became of Bowmar's mislabeling. (ECF 16, ¶¶ 162, 188, 198, 208, 227, 237, 256, 266, 275, 286, 311.)[5] The New Jersey claims date back the furthest (to June 1, 2014), while the claims in other states date back to 2016, 2017, or 2018, depending on the statute of limitations in each state. (Id., ¶ 162.)

Bowmar concedes the discovery rule is now adequately pled but uses Plaintiffs' new allegations against them in a different way: by arguing they have not stated plausible claims for damages for product purchases after mid-2020. In its opening Brief, Bowmar argued in a single paragraph (not counting a paragraph on background legal standards) that Plaintiffs cannot plausibly allege to have been deceived or injured from purchases made after they became aware

---

[4] Bowmar did not move to dismiss the requests for injunctive relief under the UCL and FAL, and thus Counts 12 and 15 remain in the case with respect to injunctive relief.
[5] Plaintiffs do not allege the discovery rule with respect to the Kansas and New York subclasses.

of inaccuracies in Bowmar's labels and marketing materials.[6] (ECF 17, p. 5.) Bowmar cited no legal authority on issues of reliance or causation in any of the 13 states at issue, much less any cases where courts addressed such issues on the pleadings. (Id.) Plaintiffs pointed this out in their Resistance and argued that consumers can be on notice for purposes of claims accrual even if they do not have actual knowledge of false or misleading statements. (ECF 18, pp. 9–14.) Plaintiffs also argued that there are differences between named Plaintiffs and unnamed class members with respect to knowledge of Bowmar's allegedly false labels. (Id., pp. 11–12.)

To determine the impact of Plaintiffs' new allegations on the viability of their causes of action for product purchases after mid-2020, the Court must start with the language Plaintiffs chose to include in the Second Amended Complaint: "Consumers including Plaintiffs did not become aware that Bowmar's labels and marketing materials misrepresented the protein content of its whey-fortified powders until mid-2020, when reports began to appear on the Internet and in other publications that consumer advocates had tested the Products and discovered the protein shortages." (ECF 16, ¶ 62; *accord id.*, ¶¶ 90, 116, 145.) Even read in the light most favorable to Plaintiffs, this paragraph alleges more than mere "inquiry notice" for purposes of claims accrual, as Plaintiffs suggest in their Resistance. (ECF 18, p. 9.) Indeed, although phrased in the negative, the only reasonable interpretation of the allegation is that consumers, "including Plaintiffs," became aware in mid-2020 that Bowmar's labels and marketing materials misrepresented the protein content of its products. This creates a problem for Plaintiffs' claims arising out of purchases after mid-2020.

But Bowmar has an even bigger problem: its failure to brief the issue in a meaningful way until its Reply. There is an intricate relationship under many state consumer fraud statutes between reliance, proximate cause, and damages. *See, e.g.*, *Int'l Union of Operating Engineers Loc. No. 68 Welfare Fund v. Merck & Co.*, 929 A.2d 1076, 1086 (N.J. 2007) ("[The New Jersey Consumer Fraud Act] essentially replaces reliance, an element of proof traditional to any fraud claim, with the requirement that plaintiff prove ascertainable loss."); *Piescik v. CVS Pharmacy, Inc.*, 576 F. Supp. 3d 1125, 1132–34 (S.D. Fla. 2021) (dismissing claim under Florida statute even though "[a]ctual reliance is not required" because plaintiffs' allegations failed under the "objective test"

---

[6] Bowmar also suggests Plaintiffs' new allegations create individualized issues that render class certification improper. (ECF 17, p. 2.) Bowmar does not, however, seek dismissal or any other relief on this basis. The Court therefore will reserve this issue for class certification.

used to determine whether a practice is likely to deceive a consumer). Bowmar utterly disregarded these intricacies in its opening Brief, thereby making it difficult for Plaintiffs to respond. At best, Plaintiffs had to guess at what Bowmar eventually might argue in its Reply. The Court is not willing to dismiss substantial portions of Plaintiffs' claims in the face of such haphazard briefing. *See, e.g.*, *United States v. Brown*, 108 F.3d 863, 867 (8th Cir. 1997) ("Absent some reason for failing to raise an argument in an opening brief, this court will not consider an argument first raised in a reply brief."); *Murillo-Guzman v. United States*, No. C08-4003-MWB, 2009 WL 3060210, at *1 n. 1 (N.D. Iowa Sept. 22, 2009) (refusing to consider arguments that were raised but not briefed in any meaningful way).

In reaching this conclusion, the Court notes that granting the motion to dismiss would not wipe out any of Plaintiffs' claims in their entirety anyway; instead, at most, the Court simply would be establishing a cut-off point for damages. The Court may very well do this at some point down the road when the issues are briefed more thoroughly. It will not, however, do so now.

### III. CONCLUSION

Bowmar's Motion to Dismiss (ECF 17) is **GRANTED IN PART and DENIED IN PART.** The Court dismisses with prejudice Plaintiffs' claims for restitution under Counts 12, 13, and 15. In all other respects, the Motion to Dismiss is **DENIED.**

**IT IS SO ORDERED.**

Dated: August 30, 2022

STEPHEN H. LOCHER
U.S. DISTRICT JUDGE